IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLUMBUS DRYWALL & INSULATION,
INC., et al., on behalf of a
class of similarly situated
persons,

      Plaintiff,

v.

MASCO CORPORATION, et al.,

      Defendants.

CIVIL ACTION NO.
1:04-CV-3066-JEC

## ORDER and OPINION

This case is presently before the Court on plaintiffs' Motion for Approval of Class Notice [592], defendant's Motion for a Revised Scheduling Order [597], defendant's Motion for Interlocutory Appeal [612], the parties' Consent Motion for an Extension of Time [625], defendant's Motion for Leave to File a Supplemental Brief [632], and plaintiffs' Motion to Enforce the Scheduling Order [636].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Motion for Approval of Class Notice [592] should be **GRANTED**, defendant's Motion for a Revised Scheduling Order [597] should be **DENIED**, defendant's Motion for Interlocutory Appeal [612] should be **DENIED**, the parties' Consent Motion for an Extension of

Time [625] should be **GRANTED**, defendant's Motion for Leave to File a Supplemental Brief [632] should be **GRANTED**, and plaintiffs' Motion to Enforce the Scheduling Order [636] should be **GRANTED**.

BACKGROUND

This is an antitrust case. Defendant Masco is a fiberglass insulation contractor. (Order [590] at 2.) Plaintiffs are 377 independent fiberglass insulation contractors who compete with Masco in the industry. (*Id.*) Plaintiffs contend that Masco violated the antitrust laws by conspiring with, and orchestrating a conspiracy between, various fiberglass insulation manufacturers to fix prices in the fiberglass insulation industry from January 1, 1999 through 2003. (*Id.*)

The Court recently denied defendant's motion for summary judgment, triggering deadlines for the parties to complete expert damages discovery under the Scheduling Order that currently governs this case. (Scheduling Order [230].) Defendant has filed a motion to revise the Scheduling Order to allow for additional discovery, both from the insulation manufacturers and from the non-representative class members. (Def.'s Mot. for Revised Scheduling Order [597].) Plaintiffs have filed a corresponding motion to preclude defendant from conducting discovery outside the scope of the original Scheduling Order. (Pls.' Mot. to Enforce Scheduling Order [636].) In addition, plaintiffs have filed a motion for approval of

class notice, and defendant has filed a motion for interlocutory appeal of the Court's summary judgment order. (Pl.'s Mot. for Approval of Class Notice [592] and Def.'s Mot. for Interlocutory Appeal [612].) All of those motions are presently before the Court.

## DISCUSSION

### I. Plaintiffs' Motion for Approval of Class Notice

In conjunction with its summary judgment order, the Court granted plaintiffs' motion for class certification and certified a class of 377 independent insulation contractors. (Order [590] at 27.) Plaintiffs now move the Court to approve a notice informing the class members of the Court's certification ruling. (Pls.' Mot. for Approval of Class Notice [592] at 1.) Plaintiffs have provided a copy of the proposed notice for the Court's review. (*Id.* at Exs. A and B.)

The proposed notice meets all of the requirements of Federal Rule 23(c)(2)(B): it clearly describes the nature of the action, the definition of the class certified, and the class claims and issues. FED. R. CIV. P. 23(c)(2)(B). The notice also informs potential class members that they may enter an appearance through an attorney, and that they may request exclusion from the class within a specified time, and in a specified manner. *Id.* Assuming they do not request exclusion, the notice instructs potential class members of the binding effect of a class judgment under Rule 23(c)(3). *Id.*

3

Plaintiffs intend to mail individual notices to potential class members using the same addresses utilized for mailing the previous Court-approved notice regarding the manufacturer settlements. (Pls.' Mot. for Approval of Class Notice [592] at 3.) Those addresses were derived from the manufacturers' databases, as updated by class members who provided plaintiffs with new contact information. (*Id.*) To supplement the direct mail notice, plaintiffs will publish a summary form of the notice in three trade journals aimed at insulation contractors, as well as in USA Today. (*Id.*) Both the Mail Notice and the Publication Notice will direct potential class members to a website where they can view additional materials, such as the Court's certification and summary judgment order. (*Id.* at 3-4.)

Defendant does not object to the contents of the class notice, or to plaintiffs' proposed method of distributing the notice. The Court finds that the notice meets all of the requirements of the Federal Rules, and that the notice program is effectively designed to reach potential class members. Accordingly, the Court **GRANTS** plaintiffs' motion for approval of class notice [592].

## II. Defendant's Motion for a Revised Scheduling Order

The Scheduling Order that currently governs this case provides for a short period of time following the Court's ruling on summary judgment to complete damages discovery. (Scheduling Order [230].)

4

Specifically, the Order allows plaintiffs 60 days after the Court's summary judgment ruling to produce their expert damages report. (*Id.* at 11.) The Order requires defendant to produce its expert damages report within 45 days of service of plaintiffs' report. (*Id.*) The Order then gives the parties 30 days after the exchange of expert reports to complete depositions of damages experts. (*Id.*)

In its motion for a revised scheduling order, defendant seeks an additional period of time to conduct more extensive "damages" discovery. (Def.'s Mot. for Revised Scheduling Order [597].) In particular, defendant asks for additional time to serve document requests on all 377 class members, and to depose "perhaps 50" of the class members. (*Id.*) Through the document requests and deposition testimony, defendant seeks detailed pricing and transaction information for insulation purchases during the relevant time period, as well as information concerning potentially lawful explanations for the "spread" between the prices that Masco paid and the prices that class members paid for insulation. (*Id.*)

The Court agrees with plaintiffs that, at this juncture in the case, discovery efforts should be limited to what was contemplated in the original Scheduling Order. That Order provides for a short period of time following summary judgment for the parties to exchange expert damages reports and to complete expert damages depositions. (*See* Scheduling Order [230] at 11.) It cannot reasonably be read to

5

encompass the extensive additional discovery that defendant requests. (*Id.*) Indeed, none of the information that defendant seeks is even properly characterized as "damages" discovery. Transaction details that support or rebut plaintiffs' claim of a pricing conspiracy, and potential alternative explanations for the pricing "spread" that is the basis of plaintiffs' antitrust claim, are more probative of causation and liability than damages. *See Gulf States Reorganization Group, Inc. v. Nucor Corp.*, 466 F.3d 961, 965 (11th Cir. 2006)("'To recover under the antitrust laws, a plaintiff must prove that a defendant's illegal conduct materially contributed to his injury.'") (quoting *Cable Holdings of Georgia, Inc. v. Home Video, Inc.*, 825 F.2d 1559, 1561-62 (11th Cir. 1987)).

Moreover, defendant had ample opportunity to obtain the information it now seeks during the 18-month discovery period that ended over three years ago. (*See* Scheduling Order [230] at 10-11.) The manufacturers produced their entire transaction databases to defendant in 2006. (Pls.' Resp. to Def.'s Mot. for Revised Scheduling Order [600] at 4 and Def.'s Reply [602].) The transaction details that defendant now requests were for the most part included in those databases, which showed the gross and discounted sales prices to Masco and the class members during the relevant time period. (*Id.*) Likewise, defendant requested and received substantial information during fact discovery concerning possible

6

lawful explanations for the "spread" that is the basis of plaintiffs' antitrust claims. (Def.'s Supplemental Br. in Supp. of Revised Scheduling Order [632] at 2.) Any "gaps" in that information should have been filled during the original discovery period, or by filing a motion for an extension as soon as defendant became aware of any facts that warranted additional discovery.

Finally, the bulk of the discovery that defendant seeks is directed towards non-representative class members.[1] (Def.'s Mot. for Revised Scheduling Order [597] at 9-14.) Individualized class member discovery thwarts the efficiencies of a class action and places "undue burdens on the absent class members." *Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 631 (M.D. Ga. 1999). It is thus generally improper, under Rule 23, to permit discovery directed towards absent or passive class members. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986). *See also In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993)("Absent a showing of such particularized need, the Court will not permit general discovery from passive class members.") and *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995)("Discovery of

---

[1] Defendant has served all 377 class members with a broad request for documents relating to insulation purchases and competition in the insulation market between 1998 and 2004. (Pls.' Supplemental Resp. to Def.'s Mot. for Revised Scheduling Order [608].) Defendant also proposes to depose "perhaps 50" class members. (Def.'s Mot. for Revised Scheduling Order [597] at 14.)

7

absent class members, while not forbidden, is rarely permitted").

Courts have occasionally allowed discovery of passive class members where the discovery would not be unduly burdensome, and the need for it is apparent. See *Collins,* 190 F.R.D. at 631. However, neither requirement is met in this case. Defendant has not made a strong case for the necessity of the discovery it requests. It appears that most of the information defendant seeks is available and has been provided from other sources, albeit not in the format that defendant desires. Moreover, responding to defendant's proposed document requests, and certainly appearing for deposition, would require the assistance of counsel for a substantial number, if not all, of the 377 class members. *Id.* at 632 ("Having to obtain professional assistance would be unduly burdensome to the absent class members.").

The Court assumes that the parties have exchanged expert damages reports and completed depositions of damages experts. No other discovery is contemplated by the Scheduling Order or warranted by the facts of this case. Accordingly, defendant's Motion for a Revised Scheduling Order [597] is **DENIED** and plaintiffs' Motion to Enforce the Scheduling Order [636] is **GRANTED**.[2] Defendant should immediately

---

[2] Defendant filed a motion for leave to submit a supplemental brief in support of its motion for to revise the Scheduling Order. (Def.'s Mot. to File Supplemental Br. [632].) The Court **GRANTS** defendant's motion for leave to file the supplemental brief, and has

AO 72A
(Rev.8/82)

cease all attempts to conduct further discovery in this case, including its efforts to depose or obtain additional documents from class members and manufacturers. The parties should submit the proposed consolidated Pretrial Order by **Monday, November 23, 2009**.

### III. Defendant's Motion for Interlocutory Appeal

Finally, defendant has filed a motion for interlocutory appeal of the Court's summary judgment order pursuant to 28 U.S.C. § 1292.[3] (Def.'s Mot. for Interlocutory Appeal [612].) Section 1292(b) permits an interlocutory appeal of a non-final order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" in cases where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances. See McFarlin v. Conseco Serv., LLC, 381 F.3d 1251, 1256 (11th Cir. 2004). In particular, § 1292(b) appeals are only appropriate when "the court of appeals can rule on a pure, controlling question of law without having to delve beyond

---

considered the supplemental brief in ruling on defendant's motion.

[3] The parties filed a consent motion to extend the deadline for defendant's reply brief in support of its motion for an interlocutory appeal. (Consent Mot. to Extend Deadline [625].) The Court **GRANTS** the consent motion for an extension of time, and has treated defendant's reply as timely pursuant to that motion.

AO 72A
(Rev.8/82)

the surface of the record in order to determine the facts." *Id.* at 1259.

Applying the above standards, defendant's motion for interlocutory appeal is patently frivolous. In support of its motion, defendant contends that it seeks an appeal of the "purely legal" question of whether the Court erred in its "decision to not follow [the Eleventh Circuit's decision in] *Williamson Oil*." (Def.'s Br. in Supp. of its Mot. for Interlocutory Appeal [612] at 2.) Of course, the Court followed, and indeed extensively cited, *Williamson Oil*. (Order [590] at 30-31.) Defendant's real complaint is that the Court did not reach the same result as the court in *Williamson Oil*. As the Court explained in its summary judgment order, a different result in this case is mandated by the substantial record evidence of a conspiracy, which was lacking in *Williamson Oil*. (*Id.* at 38, n. 15.)

Essentially, defendant seeks an appeal of the question whether there is sufficient evidence in the record to sustain the Court's denial of summary judgment. This case thus presents a "textbook example" of a situation where § 1292(b) certification should not be granted. *See McFarlin,* 381 F.3d at 1253, 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

Accordingly, defendant's motion for interlocutory appeal is **DENIED**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' Motion for Approval of Class Notice [592], **DENIES** defendant's Motion for a Revised Scheduling Order [597], **DENIES** defendant's Motion for Interlocutory Appeal [612], **GRANTS** the parties' Consent Motion for Extension of Time [625], **GRANTS** defendant's Motion for Leave to File a Supplemental Brief [632], and **GRANTS** plaintiffs' Motion to Enforce the Scheduling Order [636].

SO ORDERED, this __19__ day of October, 2009.

JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

11